# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PALM BEACH DIVISION

CASE NO.:

**REGAL NAILS, SALON & SPA, LLC**,

    Plaintiff,

v.

**KINH NGUYEN,**

    Defendant.

_____/

## PLAINTIFF REGAL NAILS, SALON & SPA, LLC'S
## COMPLAINT FOR DAMAGES

Plaintiff Regal Nails, Salon & Spa, LLC ("Regal Nails") sues Defendant Kinh Nguyen ("Defendant") and states:

1. This is an action for damages in excess of $75,000 arising from Defendant's breaches of its written agreements with Regal Nails.

## THE PARTIES

2. Regal Nails is a Nevada limited liability company whose principal place of business is in Baton Rouge, Louisiana. All of the members of Regal Nails are citizens and residents of the State of Louisiana.

3. Defendant is a citizen and resident of Palm Beach County, Florida.

## JURISDICTION AND VENUE

4. Regal Nails operates and franchises nail salons throughout the United States.

5. Defendant breached contracts which were to be performed in Florida by failing to operate his Regal Nails Salon & Spa® in accordance with the franchise agreement and sublease between the parties.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to Regal Nails' claims occurred within this district, and the Defendant is a resident of this district.

8. Defendant has agreed in writing that in any litigation to enforce the terms of the agreements between Regal Nails and Defendant, Regal Nails, as the prevailing party, shall be paid by Defendant all costs, including attorneys' fees, incurred as a result.

9. Regal Nails has engaged the undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the agreements between Regal Nails and Defendant.

10. All conditions precedent to the bringing of this action have been satisfied, discharged, excused, and/or waived.

## THE AGREEMENTS BETWEEN THE PARTIES

**A.  Franchise Agreement**

11. Defendant owned and operated a nail salon as a franchised Regal Nails Salon and Spa® ("Store") pursuant to a Franchise Agreement (the "Franchise Agreement") with Regal Nails.

12. The Store's number, location and date of the Franchise Agreement are set forth below:

| *Store No.* | *Store Location* | *Date of Franchise Agreement* |
|---|---|---|
| #3348 | 101 N. Congress Ave.<br>Lake Park, FL 33403 | February 1, 2018 |

**B.  The Sublease**

13.  Defendant also leased the Store's premises from Regal Nails pursuant to a Sublease Schedule to Franchise Agreement ("Sublease").

## FRANCHISEE OBLIGATIONS

14.  Under the terms of the Franchise Agreement, Defendant was obligated to make monthly payments to Regal Nails for monthly franchise fees, advertising expenses and other amounts as set forth therein.

15.  Under the terms of the Sublease, Defendant was obligated to make monthly payments to Regal Nails for base rent, taxes, CAM, insurance and other amounts as set forth therein.

16.  Under the Franchise Agreement and Sublease, Defendant is prohibited from ceasing operation of the Store during the term of the agreements (which was to expire January 31, 2023 unless sooner terminated in accordance therewith) for three consecutive days, without Regal Nail's written consent.

17.  The Franchise Agreement and Sublease also require Defendant to make the payments due for the term of each of the agreements.

## DEFAULT AND TERMINATION

A.  Default

18.  The Franchise Agreement and Sublease contain provisions regarding defaults and establishing the parties' rights and obligations in the event of a default by the Defendant under the Franchise Agreement and Sublease. The Franchise Agreement provides that a franchisee's failure

to comply with any provision of the Franchise Agreement and/or Sublease constitutes a default.

19. The Franchise Agreement also provides that Regal Nails has the right to terminate the Franchise Agreement for good cause, which includes the failure to make the payments due under the Franchise Agreement and/or Sublease, after notice and an opportunity to cure. Good cause also includes the failure to operate the salon for three consecutive days, which constitutes abandonment and a non-curable default.

B. **Termination**

20. Defendant defaulted under the Franchise Agreement and Sublease by failing to make the payments due to Regal Nails under the terms of those agreements and by abandoning the Store premises.

21. On or around May 26, 2020, Defendant notified Regal Nails he intended to cease Store operations prior to the end of the term. Thereafter, Defendant abandoned the Store premises.

22. By letter dated June 18, 2020, Regal Nails notified Defendant of the non-curable default and confirmed the termination (the "Termination Notice") of the Franchise Agreement and Sublease due to Defendant's defaults and abandonment of the Store prior to the end of the term.

23. As set forth in the Termination Notice, the Franchise Agreement and Sublease terminated effective June 18, 2020.

24. Additionally, by letter dated July 24, 2020, Regal Nails demanded compliance (the "Demand for Compliance") with Defendant's post-termination obligations set forth in the Franchise Agreement (which require, among other things, that the premises be left in "White Box" condition), but Defendant has failed and refused to do so.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT

25. Regal Nails re-alleges the allegations contained in Paragraphs 1 through 24 above

4

as if fully set forth herein.

26. Defendant failed to pay when due the amounts due under the Franchise Agreement.

27. The failure of Defendant to pay Regal Nails as obligated constitutes a breach of the Franchise Agreement.

28. Defendant also breached the Franchise Agreement by ceasing operations of the Store and abandoning the Store's premises prior to the end of the term of the Franchise Agreement (which was to expire January 31, 2023), and by failing to return the premises to Regal Nails in "White Box" condition, as required by the Franchise Agreement.

29. Defendant's breaches of the Sublease (set forth in Count II) also constitute breaches of the Franchise Agreement.

30. Defendant's breaches have damaged Regal Nails in the amount of past due franchise fees and advertising contributions, and lost profits, including lost franchise fees and advertising contributions it would have earned over the balance of the term of the Franchise Agreement.

31. These breaches have directly and proximately caused loss and damage to Regal Nails.

## COUNT II
## BREACH OF SUBLEASE

32. Regal Nails re-alleges the allegations contained in Paragraphs 1 through 24 above as if fully set forth herein.

33. Defendant failed to pay when due the amounts owed to Regal Nails under the Sublease.

34. The failure of Defendant to pay Regal Nails as obligated constitutes a breach of the Sublease.

35. Defendant also breached the Sublease by ceasing operations of the Store and abandoning the Store's premises prior to the end of the term of the Sublease (which was to expire January 31, 2023).

36. Defendant's breaches of the Franchise Agreement also constitute breaches of the Sublease.

37. Defendant's breaches have damaged Regal Nails in the amount of past due rent, monthly utility charges, CAM and insurance, as well as the lost profits, including lost rents, monthly utilities, CAM and insurance due for balance of the term of the Sublease.

38. These breaches have directly and proximately caused loss and damage to Regal Nails.

## DEMAND FOR ATTORNEYS' FEES

39. The Franchise Agreement and Sublease at issue in this litigation provide that the prevailing party is entitled to attorneys' fees and costs. Pursuant to those provisions, Regal Nails hereby demands that it be reimbursed by the Defendant for all costs and expenses (including attorneys' fees) relating to the prosecution of this action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Regal Nails, Salon & Spa, LLC demands judgment against Defendant Kinh Nguyen for damages, special damages (including lost profits), attorneys' fees pursuant to the agreements between the parties, all costs, disbursements, and expenses of this action, and for such other relief as this Court deems just and proper.

Dated: November 2, 2020
Miami, Florida

Respectfully submitted,

s./ *Nina Greene*
Nina Greene, Esq.
Florida Bar No.: 72079
ngreene@gjb-law.com
Joyce A. Delgado, Esq.
Florida Bar No.: 1002228
jdelgado@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
4400 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
*Attorneys for Plaintiff*